## *Altman against* Klingensmith.

The payment of the debt and interest due upon a judgment, and an acknowledgment upon the docket by the plaintiff of the receipt of it, is not an entire satisfaction of the judgment; and a *scire facias* may be maintained to revive that judgment as to the costs, against a terre-tenant of land bound by it. But if the plaintiff's executors, subsequently to the entry of the judgment, conveyed the land bound by it "free and clear from all the estate of their testator, and his heirs or executors," upon the debt and interest of the judgment being paid, by him who afterwards became the terre-tenant, the land is thereby released from the lien, and a *scire facias* cannot be maintained against the terre-tenant, under such circumstances.

ERROR to the common pleas of *Westmoreland* county.

John P. Klingensmith had in his lifetime entered into articles of agreement, to sell to George Pfund a tract of land; Pfund gave to the vendor certain bonds with power of attorney to confess judgment, as part of the consideration, and among others, a bond for 100 dollars, payable on the 1st of April 1834. On this bond, a judgment in pursuance of the power of attorney annexed to it, was confessed on the 19th of September 1825, for 100 dollars and costs. The costs on the judgment were 3 dollars and 50 cents.

Of May term 1829, No. 57, a *scire facias* issued, not as it ought to have been, to revive and continue the lien of the judgment, but to show cause why the plaintiff should not have execution; on this, judgment was entered the 24th of August 1829. This judgment being directly contrary to the bond, to the warrant to confess judgment, and to the judgment of 1825, was manifestly wrong, but not reversible, because more than seven years had elapsed; besides, this writ of error was not brought to it.

No. 2, of November 1834, a *scire facias* issued at the suit of the executors of Klingensmith, against Godfrey Pfund and terre-tenants; it was served on Altman, who appeared and took defence against him; judgment was entered in the common pleas, and he brought this writ of error.

This last *scire facias* recited the judgment entered in 1825, and recited correctly the amount for which judgment was entered, but it recited that the damages (costs) were 4 dollars 25 cents, whereas they were only 3 dollars 50 cents. As the whole record of this judgment was brought before the court below, and this court, by the plea, this might have been amended if asked for there; or here, on payment of the costs of the writ of error.

The *scire facias* of 1834 also recited the judgment of 1829, and that since that time, J. P. Klingensmith had died, and that plaintiffs were his executors; and that they had acknowledged satisfaction of the debt and interest, due on said judgment, but the

costs thereon being 10 dollars 37½ cents, were unpaid; and this *scire facias* was to show cause why execution should not issue against the defendants for them.

What plea Pfund made is not before us; but Altman, as terre-tenant pleaded separately; first, nul tiel record.

And secondly, he pleaded specially what in substance, was, that Klingensmith, by articles, agreed to sell to Pfund certain land, describing it, for a price of 1200 dollars, payable, &c.; this judgment was for one of the instalments. That Klingensmith died; the agreement was proved according to law, the executors on the 8th of April 1833, (a year before this bond and judgment were due,) made in due form of law, a deed to G. Pfund, in consideration of the whole price being then paid. In this deed it was, "to have and to hold the above described land and premises, hereditaments and appurtenances, together with the rents, issues and profits thereof, howsoever into and out of the same or any part thereof, *free and clear from all the estate of him, the said J. P. Klingensmith, and his heirs or executors,* to the only proper use of G. Pfund," &c.; and the receipt for the 1200 dollars paid on that day. That afterwards, and before the issuing of this writ, Pfund conveyed to Altman by deed, dated, &c. &c. That Altman actually advanced the money to pay plaintiffs, on the faith of their deed, and of their entering satisfaction and delivering up the bond, paid all the price due from Pfund to them, though part of it was not then due.

There were other special pleas not necessary to be noticed.

The court rendered a judgment for the plaintiff below, against the terre-tenant Altman, who sued out this writ of error.

*Beaver*, for plaintiff in error.

Satisfaction for the debt and interest in the judgment having been entered on the record by the plaintiffs below, their subsequent writ of *scire facias* was void. The principle having been destroyed by the act of the plaintiffs, it follows, that the adjunct was also destroyed, *Co. Lit.* 389; the lien of the costs, was only incident to the judgment for the debt, and followed the nature of its principle. *Co. Lit.* 152; 3 *Inst.* 139. The plaintiffs are satisfied, and have released execution, by the entry of satisfaction in full on the record, and although they are bound (as executors) to the officers for the office fees, yet they could not recover, until they had actually paid the amount of these costs to the officers; Morrison *v.* Berkey, 7 *Serg. & Rawle* 238. The *scire facias* recited a judgment in the court below, in favour of plaintiffs' testator, against G. Pfund, "as well for the sum of 100 dollars lawful money of the United States debt, as 4 dollars and 22½ cents like money, damages," and on nul tiel record pleaded the judgment, was for "100 dollars debt besides cost." The variance is material, the averment in the *scire facias,* is substantially a judgment for 104 dollars 22½ cents,

[Altman v. 'Klingensmith.]

debt and damages, besides costs, as costs are added by Stat. Gloucester, 6 Ed. 1, ch. 1, in all cases where the plaintiff recovers damages. 1 *Term. Rep.* 73; 2 *Bing.* 330; 2 *Arch. Pr.* 281; *Rob. Dig.* 107; *Tidd's Pr.* 865, and the variance being material, is fatal; *Tidd's Pr.* 1008; Umbehocker *v.* Rassel, 2 *Yeates* 339; *Stark. on Ev.* 1544, *a*, 5, variance as to damages is fatal. *Ibid.* 1602, *a*, 4. And where the plaintiff averred that he had recovered a judgment for a certain sum, and judgment was for a much larger sum, the defendant was held to be entitled to judgment on nul tiel record. 15 *Serg. & Rawle* 68. The costs for which Pfund was liable on entering up the original judgment, were 3 dollars 50 cents, to wit, attorney's fees, 3 dollars, and prothonotary's fees, including all services, 50 cents; act of assembly, the 22d of February 1821, sect. 2 and sect. 6. The costs were incidental to the judgment for the debt, not given by way of damages, but by agreement of the parties, yet, if it were proper to aver the costs as " damages recovered," still there is a fatal variance. The *scire facias* did not recite the judgment properly, therefore the lien of the judgment was lost. Arrison *v.* The Commonwealth, 1 *Watts* 374.

The court below erred in rendering judgment against the terretenant for the costs of the judgment of revival, to May term 1829, No. 57, because Pfund was not liable for costs on the *scire facias;* there was no unjust detention of the debt, the day of payment had not arrived; the proceedings on that *scire facias* was merely to revive and continue the lien of the judgment, of the 19th of September 1825, under the provisions of the acts of the 4th of April 1798, and the 26th of March 1827, and not for the recovery of the debt. The judgment of revival in 1829, was signed against Pfund by default, therefore Klingensmith, the plaintiff, was not entitled to full costs upon that judgment, because he was not entitled to any damages if he had obtained a verdict, *Arch. Pr.* 285; nor does the stat. 8 and 9 W. 3, give the plaintiff on a *scire facias* his costs, unless he obtains a judgment, or award of execution, after plea pleaded, or demurrer joined. *Arch. Pr.* 289; *Rob. Dig.* 140; 2 *Saund.* 72, *n.*

The lien for the purchase money under the provisions of the act of assembly of the 31st of March 1792, was extinguished by actual payment on the 8th of April 1833, although not then due, and no action could have been maintained by the plaintiffs on the article of agreement against Pfund, after that time. There was nothing to prevent the plaintiffs from conveying the lands and tenements to Pfund free and clear of all incumbrances, as they actually did do, and then by Pfund and wife to Altman, the plaintiff in error. Before the present *scire facias* issued, the plaintiffs had discharged the land, first, by receiving the residue of the purchase money according to the terms of the contract, and delivering up the bond and warrant of attorney to Pfund to be cancelled; and secondly, by the entry of satisfaction in full on the record, which destroyed the

lien of the judgment and its incidents. The question involved in the present case is not whether Pfund was liable to pay the costs or not, but whether the land for which the plaintiff in error took defence, was bound for their payment on the 21st of August 1834, the time when this suit commenced, and if so, whether the *scire facias* issued properly, and recited the judgment with legal certainty, so as to extend the lien beyond five years from the 24th of March 1829.

The plaintiffs' replication to terre-tenant's third plea, is substantially defective; it is an entire departure from their writ, *Co. Lit.* 304; the writ is special "to revive judgment, No. 57, to May term 1829, as to costs only," and the averment in the plaintiffs' replication, is, that the writ of *scire facias* was duly issued on the 21st day of August 1834, to compel the payment of said instalment and costs. Departure may be taken advantage of on general demurrer, Key *v.* Goodwin, 16 *Mass. Rep.* 1; Fulton *v.* Wells, 2 *N. H. Rep.* 302; Jay *v.* Simpson, *Ibid.* 179; Sternes *v.* Patterson, 14 *Johns. Rep.* 132; Richards et al. *v.* Hodges, 2 *Saund.* 84, *n;* 1 *Chit. Pl.* 557, *a,* 561; *Am. Com. L. Ca.* 329. Plaintiffs' replication is not certain, even to a common intent. In their writ of *scire facias,* they allege the payment of the amount of what may be inferred is meant by "instalment," and yet in their replication aver that the writ was duly issued to compel the payment of that money, which they had before admitted was paid to them by the defendant Pfund, before the commencement of their suit.

*Findley,* for defendant in error.

The opinion of the Court was delivered by

HUSTON, J.—It is not deemed necessary in this case, to settle definitely every thing mooted in the argument. In England, from whence we took much of our law, the plaintiff or his attorney pays the costs on each item as the issue proceeds; hence, when the plaintiff recovers, the costs are called his costs, and are his; they are sometimes called by the name of damages, and perhaps might be included in a satisfaction of his debt. The officers of the court have no claim to them or interest in them. But in this state, in most of the counties, they are not paid during the progress of the cause. The costs, when collected by the sheriff, are by him paid, not to the plaintiff, but to the several officers entitled. By our practice, an execution may issue for costs after the debt is paid; but it must issue in the name of the plaintiff, though really for the use of the officers; hence, the entry on the record, that debt and interest is paid to plaintiff, is not in this state an entry of full satisfaction on the suit. But still, the execution or *scire facias* must be in the name of plaintiff in the action; and this on the idea, that the costs are his costs. We do not say, because we are not asked to say, what is the effect of the entry on the docket of debt and interest

[Altman v. Klingensmith.]

paid, taken alone. We are called on to give an opinion on the case, as to Altman, the *bona fide* purchaser, who, it is admitted, advanced the money (as to this bond, before it was due) and whose object was to have a title clear of incumbrances; and we are of opinion, that the deed from the plaintiffs to Pfund, *free and clear from all the estate of J. P. Klingensmith, and his heirs and executors,* gave it to him discharged of every claim they then had against that land. The expressions might have been more formal, but are general; and if we take into view that Altman furnished the money, part of which, at least, was paid to the executors in advance, we must suppose the intention of all parties at that time, was to enable Pfund to make him a clear deed; and we are of opinion, that on this deed, Altman holds the land clear of the claim, and as to him, the judgment be reversed.

Judgment reversed, and a *venire de novo* awarded.